UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GBI HOLDING CO., <br><br>                  Plaintiff, <br><br>     v. <br><br> CITY OF CHELAN, <br><br>                  Defendant. | NO:  12-CV-0089-TOR <br><br> ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS |

       Before the Court are Plaintiff's Motion to Remand (ECF No. 8) and Defendant's Motion to Dismiss for Failure to State a Claim or for Judgment on the Pleadings (ECF No. 11).  The motions were heard without oral argument.

## INTRODUCTION

       This lawsuit involves a dispute over a conditional land use permit issued by the City of Chelan ("the City") to GBI Holding Co. ("GBI") and an administrative appeal of the conditions imposed therein.  GBI filed the lawsuit in Chelan County Superior Court under, *inter alia*, the Washington Land Use Planning Act

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 1

("LUPA") and 42 U.S.C. § 1983.  The City subsequently removed the case to this Court on the ground that GBI's § 1983 claim presented a federal question.  GBI has since moved to remand the case back to Chelan County Superior Court.  The City, for its part, has moved to dismiss GBI's state law claims for failure to state a claim, or, in the alternative, for judgment on the pleadings.

## FACTS AND PROCEDURAL HISTORY

GBI owns a parcel of land abutting Lake Chelan commonly referred to as the "Three Fingers."  In early 2011, GBI applied to the City of Chelan for a permit to subdivide the parcel in preparation for further development.  In July of 2011, the City's Community Development Department approved the application and granted GBI a land use permit subject to several conditions.  Among other things, the conditions imposed by the permit required GBI to dedicate two of the subdivided parcels to open public space and to make certain improvements to the land to facilitate public access.

GBI timely appealed the conditions imposed by the land use permit to the City Hearing Examiner pursuant to Chelan Municipal Code Chapter 19.34.  On September 14, 2011, the hearing examiner issued a scheduling order establishing various deadlines applicable to the administrative appeal proceeding.  Shortly thereafter, the City moved to stay the administrative appeal pending resolution of a lawsuit that had been filed against the City and GBI by a local advocacy group in

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 2

Chelan County Superior Court.[1]  GBI objected to a stay on the grounds that (1) it had a right to have its administrative appeal decided within sixty (60) days; and (2) staying the administrative appeal would effectively preclude it from developing the property in any manner until the civil lawsuit had been resolved.[2]  The hearing officer overruled GBI's objections and granted the stay, noting that "[m]any of the legal issues to be decided in the [Chelan County Superior Court] matter are identical to the legal issues being asked of the Hearing Examiner," and that "any decision of the Hearing Examiner would be unenforceable to the extent it is in conflict with any [decision by the Chelan County Superior Court]."  Def.'s Notice of Removal, ECF No. 1-1, at 20.

On January 17, 2012, GBI filed a petition in Chelan County Superior Court pursuant to Washington's Land Use Petition Act ("LUPA"), RCW Chapter 36.70C.  In this petition, GBI requested relief from the hearing examiner's decision

---

[1] It appears that this lawsuit involves a challenge to the continued existence of the "Three Fingers" parcel on the ground that the parcel was created by the unlawful dumping of fill materials into Lake Chelan in the 1960's.

[2] Pursuant to Chelan Municipal Code § 18.34.040(E),the filing of an administrative appeal of a land use permit "stay[s] the effective date of the [permit] until such time as the appeal is adjudicated or withdrawn."

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 3

1    to stay the administrative appeal on the ground the decision would violate its right

2    to have the appeal decided within sixty days under Chelan Municipal Code

3    § 19.18.100.  GBI's petition also requested damages resulting from the delay of its

4    administrative appeal under RCW Chapter 64.40 and 42 U.S.C. § 1983.

5         On February 8, 2012, the City removed the action to this Court on the

6    ground that GBI's claim for damages under § 1983 presented a federal question.

7    Def.'s Notice of Removal, ECF No. 1.  On February 27, 2012, GBI moved to

8    remand the case back to Chelan County Superior Court on the grounds that this

9    court should (1) abstain from adjudicating its claims under the abstention doctrine

10   set forth in *Railroad Comm'n v. Pullman Co.*, 312 U.S. 229 (1984); and (2) decline

11   to exercise supplemental jurisdiction over its state-law claims under 28 U.S.C.

12   § 1367(c).  ECF No. 8.  The City opposed remand on the ground that *Pullman*

13   abstention would be inappropriate and that the court should, at a minimum, retain

14   jurisdiction over GBI's § 1983 claim.  ECF No. 15.

15        On March 13, 2012, while its motion to remand was still pending, GBI filed

16   an "Amended Land Use Petition" in this Court.  ECF No. 17.  In this petition, GBI

17   re-asserted the causes of action set forth in its original petition filed in Chelan

18   County Superior Court and also requested alternative relief in the form of a Writ of

19   Review pursuant to RCW 7.16.040 or a Constitutional Writ under Article IV,

20   Section 6 of the Washington State Constitution.  ECF No. 17 at ¶¶ 3.1-3.21.  On

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 4

1    March 8, 2012, the City moved to dismiss GBI's state law claims, or, in the

2    alternative, for judgment on the pleadings.  ECF No. 11.  The City's motion does

3    not seek dismissal or judgment on the pleadings relative to GBI's § 1983 claim.

4

5                                    **ANALYSIS**

6           Title 28 United States Code Section 1441 governs removal of cases from

7    state court to federal court.  Generally, a defendant may remove a case to federal

8    court if the federal court would have subject-matter jurisdiction over one or more

9    of the plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) or 1332

10   (diversity of citizenship).  *See* 28 U.S.C. § 1441(a), (b).  Once a case has been

11   properly removed, a federal court must generally entertain all claims over which it

12   has original subject-matter jurisdiction.  *See Quackenbush v. Allstate Ins. Co.*, 517

13   U.S. 706, 716 (1996) (noting that "federal courts have a strict duty to exercise the

14   jurisdiction that is conferred upon them by Congress" in removal proceedings).

15          When a case is removed to federal court on the basis of federal question

16   jurisdiction, a court must first verify that it does in fact have federal question

17   jurisdiction over at least one of the plaintiff's claims.  If the court concludes that

18   federal question jurisdiction over at least one claim is present, it must then decide

19   whether to exercise supplemental jurisdiction over any other "pendent" claims that

20   do not present a federal question.  *See* 28 U.S.C. § 1367(a); *Carnegie-Mellon Univ.*

1  *v. Cohill*, 484 U.S. 343, 350-51 (1988); 14B Charles A Wright, et al., *Federal*

2  *Practice and Procedure* § 3722 (4th ed. 2012) (noting that, in the context of

3  removal based upon the existence of a federal question claim, a federal court must

4  decide whether to retain or remand supplemental state law claims).

5      The exercise of a federal court's supplemental jurisdiction over pendent

6  claims was originally addressed by the Supreme Court in *United Mine Workers of*

7  *Am. v. Gibbs*, 383 U.S. 715 (1966).  In *Gibbs*, the Court held that federal courts

8  may exercise supplemental jurisdiction over state-law claims in a case that also

9  involves a federal question when the state and federal claims "derive from a

10  common nucleus of operative fact" and are "such that [a plaintiff] would ordinarily

11  be expected to try them all in one judicial proceeding."  383 U.S. at 725.  As the

12  Court later noted in *Carnegie-Mellon*, however, "*Gibbs* [also] drew a distinction

13  between the *power* of a federal court to hear state-law claims and the *discretionary*

14  *exercise* of that power."  484 U.S. at 618-19 (emphasis added).  Specifically, *Gibbs*

15  emphasized that a federal court presented with pendent state-law claims "should

16  consider and weigh in each case, and at every stage of the litigation, the values of

17  judicial economy, convenience, fairness, and comity in order to decide whether to

18  exercise jurisdiction over a case brought in that court involving pendent state-law

19  claims."  *Id.* at 619.  Where, for example, the issues presented by pendent state-law

20  claims involve complex questions of state law that are better suited to resolution by

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 6

state courts, a federal court may decline to exercise supplemental jurisdiction. *Gibbs*, 383 U.S. at 726.  "Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, or the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals."  *Gibbs*, 383 U.S. at 726-27.

The supplemental jurisdiction framework established in *Gibbs* has since been codified at 28 U.S.C. § 1367.  Section 1367 provides, in relevant part,

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.
>                                          * * *
> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
>     (1) the claim raises a novel or complex issue of State law;
>     (2) the claim substantially predominates over the claim or claim over which the district court has original jurisdiction;
>     (3) the district court has dismissed all claims over which it has original jurisdiction; or
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(a), (c).

Thus, under § 1367, a court must perform a two-pronged inquiry when deciding whether to exercise supplemental jurisdiction over pendent claims in a removal proceeding.  First, the court must determine whether the pendent claims

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 7

arise from the "same case or controversy" as the claim(s) over which it has original

jurisdiction pursuant to § 1331.  28 U.S.C. § 1367(a).  If this condition is not

satisfied, the court must remand the pendent claims to the state court in which they

were originally filed for lack of subject-matter jurisdiction.  28 U.S.C.

§ 1441(c)(2).[3]

　　　　Second, if the court concludes that § 1367(a)'s "same case or controversy"

requirement is satisfied, it must then decide whether to exercise supplemental

jurisdiction over the pendent claims based upon the prudential considerations

originally set forth by the Supreme Court in *Gibbs* and now codified at 28 U.S.C.

[3] 28 U.S.C. § 1441(c) was amended on December 7, 2011.  Despite substantial

modifications to its text, the substance of the rule remains essentially the same.

| Old § 1441(c) | New § 1441(c) |
|---|---|
| Whenever a <u>separate and independent claim or cause of action</u> within the jurisdiction conferred by section 1331 of this title is joined with <u>one or more otherwise non-removable claims or causes of action</u>, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates. | (1) If a civil action includes— <br><br>　　(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and <br><br>　　(B) <u>a claim not within the original or supplemental jurisdiction of the district court</u> . . . the entire action may be removed if the action would be removable without the inclusion of the claim described in [this subsection]. <br><br>(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. . . . |

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 8

§ 1367(c).  To the extent that exercising supplemental jurisdiction would be inconsistent with these considerations, the court may remand the pendent claims to the state court in which they were originally filed.  *See Carnegie-Mellon*, 484 U.S. at 350-51; *see also* 14C Charles A. Wright, et al., *Federal Practice and Procedure* § 3739 (4th ed. 2012) ("A federal court exercising subject-matter jurisdiction, whether because the plaintiff commenced the case in federal court or because the defendant removed it there, always has had the option of hearing or dismissing any state law claims that are supplemental to the federal claims that are the basis for jurisdiction.").

Here, the City removed this case to federal court on the ground that GBI's complaint presents a federal question over which this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  ECF No. 1 at ¶ 3.  The Court finds that GBI's claim for damages under 42 U.S.C. § 1983 arising from the hearing officer's decision to stay the administrative appeal proceedings does in fact present a federal question.  Accordingly, the Court will exercise original jurisdiction over this claim pursuant to § 1441(a).

GBI's amended complaint also asserts four claims that do not present a federal question: (1) a challenge to the conditions imposed in the land use permit under LUPA; (2) a claim for damages under RCW Chapter 64.40; (3) a request for a Writ of Review under RCW 7.16.040; and (4) a Constitutional Writ under Article

IV, Section 6 of the Washington State Constitution.  Given that original

jurisdiction over GBI's § 1983 claim is proper, the court must now decide whether

to exercise supplemental jurisdiction over these "pendent" claims pursuant to

§ 1367.

As an initial matter, the Court finds that GBI's pendent claims clearly arise

from the "same case or controversy" as its § 1983 claim.  Accordingly, the Court

concludes that it is *authorized* to exercise supplemental jurisdiction over these

claims pursuant to § 1367(a).  Pursuant to § 1367(c), however, the Court must still

determine whether it *should* exercise supplemental jurisdiction.

After reviewing GBI's Amended Land Use Petition and the pleadings filed

in conjunction with GBI's motion to remand and the City's motion to dismiss, the

Court concludes that exercising supplemental jurisdiction over GBI's pendent

claims would be improper for two reasons.  First, GBI's pendent claims under

LUPA, RCW Title 64.40, RCW 7.16.040 and the Washington Constitution

"substantially predominate" over GBI's claim for damages under § 1983.  GBI has

expressly conceded that its claim for damages under § 1983 is *secondary* to its

claims for damages and other relief under LUPA.  *See* Pl.'s Mem. in Supp. of Mot.

to Remand, ECF No. 8, at 4 ("[I]f the [Chelan Superior] Court provides economic

relief through Chapter 64.40 RCW, then resort to the alternative cause of action

under 42 U.S.C. § 1983 will not be necessary.").  The Court concurs with this

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 10

assessment and independently concludes that GBI's petition is overwhelmingly focused upon reversing the hearing examiner's decision to stay the administrative appeal on state law grounds rather than recovering any damages that may flow from that decision under § 1983.  Accordingly, the Court concludes that exercising supplemental jurisdiction over GBI's state law claims would be improper under § 1367(c)(2).  *See Patel v. Penman*, 103 F.3d 868, 877 (9th Cir. 1996), *overruled on other grounds by Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394 (2006) (affirming district court's dismissal of state law claim for inverse condemnation where remaining federal claim for damages arising from procedural due process violation under § 1983 "would be a slender federal reed on which to base jurisdiction over a state-law claim as substantial as inverse condemnation").

Second, the Court finds that GBI's claims for relief under LUPA, RCW Title 64.40, RCW 7.16.040, and the Washington Constitution raise "novel or complex issue[s] of State law" which counsel against an exercise of supplemental jurisdiction in this proceeding.  *See* 28 U.S.C. § 1367(c)(1).  As the City correctly notes, the central question raised by GBI's pendent claims is whether GBI is entitled to judicial review of the hearing examiner's decision under LUPA.  *See* Def.'s Mem. in Supp. of Mot. to Dismiss, ECF No. 12, at 4.  This question presents complex and interrelated questions of state real property law, constitutional law and administrative law.  Accordingly, the Court concludes that GBI's state law

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 11

1   claims must be remanded to the Chelan County Superior Court.  *See VH Property*

2   *Corp. v. City of Rancho Palos Verdes*, 622 F.Supp. 2d 958, 970 (C.D. Cal. 2009)

3   (retaining jurisdiction over developer's federal claims against city arising from

4   denial of land development permits while remanding developer's state law claims

5   to state court).

6         Finally, as to GBI's claim for damages under § 1983, the Court concludes

7   that GBI's arguments in favor of abstention under *Pullman* are unpersuasive.

8   While it may be true that federal courts frequently abstain from deciding claims

9   involving the application of state land use planning laws on the ground that such

10   claims "touch[] a sensitive area of social policy" (*see, e.g.*, *San Remo Hotel v. City*

11   *and Cnty. of San Francisco*, 145 F.3d 1095 (9th Cir. 1998), GBI's claim for

12   damages under § 1983 does not trigger significant social policy concerns.  Given

13   that GBI has simply sought damages arising from an administrative official's

14   failure to act, there is no reason to conclude that allowing this claim to proceed in

15   federal court would interfere with substantive questions of local land use planning

16   or zoning choices.  In sum, the mere fact that the Chelan Municipal Code provision

17   at issue happens to govern appeals of land use decisions rather than appeals from

18   some other type of routine administrative decision implicating a property right

19   does not trigger the principles of comity and deference embodied in the *Pullman*

20   abstention doctrine.  Accordingly, the Court concludes that there is no basis for

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 12

postponing the exercise of its properly-invoked jurisdiction over GBI's § 1983

claim.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion to Remand, ECF No. 8, is **GRANTED** in part.  The

   Court hereby **REMANDS** to the Chelan County Superior Court GBI's

   four claims that do not present a federal question, contained within the

   Amended Land Use Petition and Complaint, ECF No. 17: (1) a challenge

   to the conditions imposed in the land use permit under LUPA; (2) a claim

   for damages under RCW Chapter 64.40; (3) a request for a Writ of

   Review under RCW 7.16.040; and (4) a Constitutional Writ under Article

   IV, Section 6 of the Washington State Constitution.

2. The Court retains one cause of action: GBI's claim for damages under 42

   U.S.C. § 1983.

3. The Court **DENIES** Defendant's Motion to Dismiss for Failure to State a

   Claim or for Judgment on the Pleadings, ECF No. 11.

4. The Court does not assess costs against either party.

//

//

//

//

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 13

1    The District Court Clerk is directed to enter this Order, provide copies to

2    counsel and <u>mail a certified copy of this Order</u> and a copy of the Amended Land

3    Use Petition and Complaint, ECF No. 17, to the Clerk of the Chelan County

4    Superior Court.

5        **DATED** this 7th day of May, 2012.

6                    *s/ Thomas O. Rice*

7                THOMAS O. RICE
                United States District Judge

ORDER RE: MOTION TO REMAND AND MOTION TO DISMISS ~ 14